UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
JAN 0 6 2015

PER _____
DEPUTY CLERK

NEAL WOLFE,  :
:
    Plaintiff  :
:
v.  : CIVIL NO. 3:CV-14-2371
:
MEDICAL STAFF EMPLOYEES, et al.,  : (Judge Kosik)
:
    Defendants  :

## MEMORANDUM

Presently before the court is a civil rights complaint (Doc. 1) pursuant to 42 U.S.C. § 1983 filed by Neal Wolfe ("Plaintiff"), a state inmate imprisoned at the State Correctional Institution at Rockview ("SCI-Rockview"), Pennsylvania. Named as defendants are "Medical Staff Employees" and "Prison Superintendent-Warden." Plaintiff has also filed a motion to proceed in forma pauperis in this matter. (Doc. 2.) Obligatory preliminary screening reveals that the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.    **Standard of Review**

Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and seek to proceed in forma pauperis. Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action ... (ii) fails to state a claim on which relief may be granted...." 28

U.S.C. § 1915(e)(2)(B)(ii). The applicable standard of review is the same as the standard for a motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion, the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the ... claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a

plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## II. Allegations of the Complaint

Plaintiff alleges that his family doctor prescribed that he have access to an insulin pump which is essential to meet his serious medical needs. He claims he has been diagnosed as "Brittle with sugar diabetis (sic)." (Doc. 1, Compl. at 1.) He contends that the pump has been prescribed to meets his needs on an hourly basis to provide an adequate antidote, and that the prison official at SCI-Rockview is aware of his history of using the insulin pump and has denied him proper treatment to meet his serious medical needs. Instead, he has been put on an insulin injection three times per day. According to Plaintiff, the injection causes him harmful side effects making his

3

blood sugar level drop to low where he is apt to pass out. He claims that the injections are the wrong treatment for his "Brittle" 2nd stage diabetic condition.

Plaintiff claims that while confined at the Snyder County Prison and, thereafter, at SCI-Camp Hill, he was provided with his insulin pump. It was not until after his transfer to SCI-Rockview that he was deprived of the pump. He appears to state that this has been occurring for six (6) months and constitutes deliberate indifference on the part of the "prison official" for failure to provide proper treatment. He claims that numerous inmate requests have been submitted to SCI-Rockview's "Medical Division", and that these employees have disregarded his legitimate concerns. Based on the foregoing, he claims his rights to due process and adequate medical care have been violated. He seeks declaratory and injunctive relief.

### III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder,

95 F3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

While Plaintiff names as a defendant "Prison Superintendent-Warden", it is well established that liability under § 1983 cannot be premised on the theory of respondeat superior; instead, each individual defendant "'must have personal involvement in the alleged wrongdoing.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005)(quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)); see also Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981). Even assuming Plaintiff intends to bring claims against the current warden at SCI-Rockview, Stephen Glunt, he fails to set forth any specific facts with respect to Glunt's personal involvement in the alleged wrongdoing set forth above.

Moreover, to the extent Plaintiff names "Medical Staff Employees" as defendants in this action, he fails to identify which members of the medical department violated his rights and associate specific claims with named defendants. He fails to set forth which specific employees at SCI-Rockview personally directed the alleged violations or had actual knowledge of them. As the complaint presently stands, the court is unable to direct service on any such defendants in that Plaintiff has not provided the names of any specific SCI-Rockview medical department

5

employee who has violated his rights. "In order to satisfy the 'personal involvement' requirement, a complaint need only allege the conduct, time, place and person responsible." Solan v. Ranck, 326 F. App'x 97, 101 (3d Cir. 2009)(per curiam). Therefore, to the extent that Plaintiff fails to make such allegations, his complaint fails to state a claim upon which relief may be granted.

## IV. Leave to Amend

When a complaint fails to present a prima facie case of liability, courts should generally grant leave to amend before dismissing the complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "[I]n civil rights cases district courts must offer amendment–irrespective of whether it is requested–when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Darr v. Wolfe, 767 F.2d 79, 80-81 (3d Cir. 1985). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962)(citations and internal quotations omitted). Although the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff will be afforded the opportunity to amend his complaint.

## V.   Conclusion

For the reasons set forth above, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  However, Plaintiff will be afforded the opportunity to amend to cure the deficiencies set forth above.  Specifically, Plaintiff must identify the individuals he wishes to name as defendants in this action and set forth allegations of each defendant's personal involvement in the asserted civil rights violations.  An appropriate order follows.